MICHAEL HALLORAN and DIEGO PACCIONE, Appellants, v. N. & C. CONTRACTING COMPANY, Respondent.— Order setting aside verdict and granting a new trial reversed upon the law, with costs, verdict reinstated, and judgment directed thereon in favor of the plaintiffs, with costs. In our opinion, under the circumstances shown in the present case, plaintiffs were entitled to give evidence of prospective loss of profits and such evidence was properly received at the trial. (Taylor v. Bradley, 39 N. Y. 129; Dickinson v. Hart, 142 id. 183; Nash v. Thousand Island Steamboat Co., 123 App. Div. 148.) Young, Rich and Hagarty, JJ., concur; Kapper and Lazansky, JJ., dissent, being of opinion that plaintiffs failed to prove a contract which entitled them to the exclusive right to solicit customers in the building.

WILLIAM C. HAYS, Respondent, v. NEW YORK AND STAMFORD RAILWAY COMPANY, Appellant.— Judgment and order of the County Court of Westchester county unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Hagarty, Seeger and Carswell, JJ.

EDNA B. HAYS, Respondent, v. NEW YORK AND STAMFORD RAILWAY COMPANY, Appellant.— Judgment and order of the County Court of Westchester county unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Hagarty, Seeger and Carswell, JJ.

SARAH ELIZABETH HAYS, an Infant, by WILLIAM C. HAYS, Her Guardian ad Litem, Respondent, v. NEW YORK AND STAMFORD RAILWAY COMPANY, Appellant.— Judgment and order of the County Court of Westchester county unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Hagarty, Seeger and Carswell, JJ.

MOE H. HOROWITZ, Appellant, v. BRIDGET E. GALLIVAN, Respondent.— Judgment affirmed, with costs. No opinion. Young, Hagarty, Seeger and Carswell, JJ., concur; Lazansky, J., dissents.

In the Matter of the Application of THE CITY OF YONKERS, Respondent, for the Acquisition for a Public Purpose of Lands of CHARLES E. SKINNER and Others, Appellants.— Final order confirming report of commissioners unanimously affirmed, with costs. We are of opinion that the mere naked right which the riparian owner may exercise, of applying to the State for a grant of the lands under water in the extended areas, as shown on defendants' Exhibit 26, is not property for which compensation must be awarded in addition to the just compensation which has been awarded for the uplands and the lands under water to the line of the commencement of the so-called extended areas. Present — Young, Rich, Kapper, Lazansky and Hagarty, JJ.

---

* See Ordinance of Aug. 14–15, 1923, adding to Mount Vernon Zoning Ordinance of Oct. 12, 1922, § 12, subd. 7.— [REP.